UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REDICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAVO CAPITAL INC,<br><br>Defendant. | Case No. 1:25-cv-00880-JLT-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION AND TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER CONTINUING THE OCTOBER 21, 2025, MANDATORY SCHEDULING CONFERENCE<br><br>ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE OF THIS ORDER AND TO FILE PROOF OF SERVICE<br><br>**FIVE (5)-DAY DEADLINE** |

Plaintiff William Redick ("Plaintiff"), initiated this action with the filing of a complaint on July 18, 2025. (Doc. 1). On July 21, 2025, the Clerk of the Court issued summons for service upon Defendant FAVO Capital INC ("Defendant"), and the Court entered an order setting a mandatory scheduling conference for October 21, 2025. (Docs. 2, 3). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 3 at 1). Regarding scheduling of the case, the Court's order also directed the parties to file a scheduling report at least one week in advance of the scheduling conference (*e.g.*, no later than October 14, 2025). *Id.* at 2. The order further advised Plaintiff that failure to

diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

Notwithstanding the Court's order, to date, Plaintiff has not filed proofs of service nor any report setting forth an explanation for the failure, and no Defendant has appeared in the action. Moreover, Plaintiff has failed to comply with the Court's order to timely file a scheduling report in advance of the scheduling conference.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within five (5) days of entry of this order, Plaintiff SHALL show cause in writing why sanctions should not be imposed—including dismissal of any unserved Defendant or this action in its entirety—for Plaintiff's failure to prosecute, failure to serve the summons and complaint in a timely manner, failure to promptly file proof of service, and failure to timely file a scheduling report. Filing summons returned executed following entry of this order WILL NOT relieve Plaintiff of his obligation to respond to this order in writing.

IT IS FURTHER ORDERED that the scheduling conference previously set for October 21, 2025, is CONTINUED to **December 4, 2025, at 9:30 AM**.

And IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this order on Defendant within five (5) days of entry of this order and promptly file proof of service thereof.

**Any failure by Plaintiff to timely respond to this order will result in the imposition of sanctions, including a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated: __October 16, 2025__         _____
                                              UNITED STATES MAGISTRATE JUDGE